FILED
12th JUDICIAL DISTRICT COURT
Otero County
2/15/2022 11:01 AM
AUDREY HUKARI
CLERK OF THE COURT
Adrian Isom

**STATE OF NEW MEXICO**
**COUNTY OF OTERO**
**TWELFTH JUDICIAL DISTRICT COURT**

MICHAEL HEISINGER AND,
RYAN BLANTON

        Plaintiffs,

vs.

VILLIAGE OF TULAROSA, MARGARET TRUJILLO (in her capacity as mayor), JANIE PORTILLO (in her capacity as village trustee), and TRUSTEES OF THE VILLAGE OF TULAROSA 1-3 (un-named),

        Defendants.

No.: ~~D-1215-CV-2022-XXXX~~ D-1215-CV-2022-00057
Judge: Jessen, Ellen R.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, HOSTILE WORK ENVIRENMENT, AND RETALIATION

**COMES NOW**, Plaintiffs, Michael Heisinger and Ryan Blanton, by and through counsel The Law Office of David Woodstock, LLC (David Woodstock), and alleges that the above captioned Defendants violated their civil rights in by discriminating against them based on constitutionally protected class designators, that ongoing hostility rooted in discrimination caused a hostile work environment, and that Plaintiffs after having raised these issues with the above captioned defendants were retaliated against for bringing the inappropriate actions to the attention of the elected village officials. In support and furtherance of this claim Plaintiffs state and allege the following:

### JURISDICTION

1. At all times relevant, Plaintiffs were residents of Otero County, New Mexico and were employees of the Village of Tularosa.

**EXHIBIT A**

2. Defendant Village of Tularosa, New Mexico is an incorporated municipality within Otero County state of New Mexico.

3. Defendant Margaret Trujillo was at all relevant times a resident of Otero County, New Mexico.

4. Defendant Janie Portillo was at all relevant times a resident of Otero County, New Mexico.

5. Defendants Trustees of the Village of Tularosa New Mexico were at all times relevant residents of Otero County New Mexico.

6. The causes of action are based on provisions of the laws and constitutions of the United States of America and the State of New Mexico.

7. Based on information contained in ¶¶ 1-6 this Court has proper subject matter and personal jurisdiction over the matter and the parties.

## STATEMENT OF FACTS

*As to Lt. Ryan Blanton*

8. Plaintiffs reallege and incorporate by reference ¶¶ 1-7.

9. On January 22, 2019, Ryan Blanton employment with the Tularosa Police Department.

10. As his tenure with the Tularosa Police Department progressed, he noticed significant changes within the department. The biggest change which surfaced was his inability to effectively do his job due to increased hostility in the workplace. Soon after Chief Charles Wood had resigned and Chief Darrell Chavez took over, Lt. Blanton was told on multiple occasions by Chief Chavez the mayor has a "hard on" for him. Lt. Blanton was

not sure what that meant exactly, but he was told if he didn't do his job, they would be getting rid of him

11. Chief Chavez continued to inform Lt. Blanton the mayor was not pleased with his performance and would "get rid" of him if he didn't step up and do his job. This left Lt. Blanton conflicted and confused every day that he went to work. Lt. Blanton still felt like a target to the mayor for whatever reason. Over time, this drastically affected his ability to do his job. Lt. Blanton began to dread going to work, he felt as though nothing he did was right and that he was going to continue being a targeted by the mayor. This left Lt. Blanton with low morale daily and drastically affected his work performance.

12. In October of 2019, Then Patrolman Blanton was promoted to the rank of Sergeant. The Sergeant within the Tularosa Police Department is responsible for overseeing the daily functions of the patrol officers and handling minor issues relating to the department.

13. Soon after Lt. Blanton was promoted to Sergeant, he was informed that the mayor was unhappy with his promotion and wanted him to remain a patrol officer.

14. Learning the mayor's unwarranted displeasure made Lt. Blanton feel as though he was useless and no matter what he did, and that he would not be regarded as a valuable member of the police department. This took a toll on Lt. Blanton both physically and emotionally as he began to feel there was no use in trying. He fell into a deep depression and was unable to aspects of my daily life because work was weighing heavily on his mind even when he was at home.

15. On or about September of 2020, the chief of police Darrel Chavez and the Lieutenant Darius Ward resigned, and Lt. Blanton was left as the sole ranking member of the department. During this time Lt. Blanton took on the responsibility of keeping the

department running until a new chief was hired. Michael Heisinger was hired as Chief on or about November of 2020.

16. On or about June 28, 2021, Mayor Trujillo while meeting with Officer Joseph Mendez made statements regarding the "upper echelon" of the police force saying that they are all cavachos and that she wanted to replace them with Mexicanos.

17. Lt. Blanton and Chief Heisinger brought this discrimination to Ms. Trujillo's attention. Shortly after this, the mayor released a memo stating that employees with service animals could no longer bring them into the office. Lt. Blanton and Chief Heisinger were the only two employees of the Police department that have service dogs for their PTSD.

*As to (former)Chief Michael Heisinger*

18. Plaintiffs reallege and incorporate ¶¶ 1-17 by reference.

19. On or about November of 2020, Michael Heisinger was hired as the Chief of Police for the Village of Tularosa. He replaced Darrell Chavez in that role.

20. Chief Heisinger, from early in this position felt opposition and micromanagement from the mayor and trustees of the village. This created tension and difficulty in fulfilling his job requirements.

21. On or about June 28, 2021, Mayor Trujillo in a meeting with Officer Joseph Mendez said that she would like to replace all the cavachos in the upper echelon of the police department with mexicanos.

22. On or about July of 2021, Mayor Trujillo issued a memo stating that service animals were no longer allowed to be brought into work. Chief Heisinger and Lt. Blanton both have service dogs for their PTSD.

**ALLEGATION ONE: Violation of Civil Rights**

23. Plaintiffs reallege and incorporate by reference ¶¶ 1-22.

24. Under the constitutions of the United States of America and the State of New Mexico, it is unlawful to discriminate against a person based on their status as a member of a protected class.

25. In this instance the protected classes involved are race or ethnicity and disability. Both Chief Heisinger and Lt. Blanton are Caucasian. Both Chief Heisinger and Lt. Blanton have been diagnosed with PTSD and have medically approved service animals.

26. The statement made by Mayor Trujillo where she stated that she wished to replace the "cavachos" in the upper echelon of the police department with persons of Mexican descent was discriminatory on its face as targeting persons of protected racial classes.

27. The decision of Mayor Trujillo to ban service animals from the workplace violates the rights of Plaintiffs to have their medically approved service animals at their place of employment for their benefit.

28. Civil rights violations are presumed to carry with them damages for the value of the civil right violated. See *Topmiller v. Cain*, 99 N.M. 311, 314, 657 P.2d 638, 641 (Ct.App. 1983) (compensatory damages recoverable if they proximately result from violation of legally recognized right of person seeking damages).

**ALLEGATION TWO: Hostile Work Environment**

29. Plaintiffs reallege and incorporate by reference ¶¶ 1-28.

30. During their employment with the Village of Tularosa police department, Plaintiffs were subject to numerous hostile comments and actions from Village management.

31. These actions and comments came in the form of accusations of incompetence, threats of termination, statements that certain employees were being additionally scrutinized for no apparent reason, interference with investigations, and rude gestures or actions.

32. The cumulative and consistent nature of the aforementioned negative interactions caused depression, reduced ability to function in job roles, the fear of termination without legitimate reason and a desire not to come to work in Plaintiffs.

### ALLEGATION THREE: Retaliation

33. Plaintiffs incorporate by reference and reallege the facts and allegations contained in ¶¶ 1-32.

34. Plaintiffs, upon learning of the comments made by Mayor Trujillo on June 28, 2021, filed a notice of tort claim for the discriminatory comments.

35. Shortly after that notice was filed Mayor Trujillo issued a memorandum stating that service animals were not allowed to be brought into Village offices.

36. It was known that Chief Heisinger and Lt. Blanton both have service animals for PTSD.

37. The short time interval between the filing of the tort claim notice and the issuance of the memo infer that the memo was issued in retaliation against Plaintiffs for their complaint.

### RELIF REQUESTED

Plaintiffs respectfully request that this Court grant the following relief:

1. Judgement against Defendants for compensatory damages to the maximum amount allowed by law.
2. Judgment against Defendants for punitive damages.
3. Any other relief that this Court deems equitable.

**Respectfully submitted,**

The Law Office of David Woodstock, LLC

*/s/ David Woodstock*
David Woodstock, NM BAR 152096
Attorney for Plaintiffs
311 Granado St.
Tularosa, NM 88352
575-520-0542
david@woodstockfirm.com

## Certification

I, Ryan Blanton, certify under penalty of perjury that the information contain in this Complaint for Damages is true and correct to the best of my knowledge.

_____
Ryan Blanton

2/7/2022
Date

I, Michael Heisinger, certify under penalty of perjury that the information contain in this Complaint for Damages is true and correct to the best of my knowledge.

_____
Michael Heisinger

2/7/2022
Date