IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL HEISINGER and
RYAN BLANTON,

      Plaintiffs,

v.                                                Case No. 22-CV-0366 KG/GBW

VILLAGE OF TULAROSA; MARGARET
TRUJILLO (in her capacity as mayor); JANIE
ORTILLO (in her capacity as village trustee);
and TRUSTEES OF THE VILLAGE OF
TULAROSA 1-3 (un-named),

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (Doc. 13). The Motion received no timely response and is ripe for a decision. Having considered the Complaint, the Motion, and the applicable law, the Court grants the Motion.

I.    *Background*

On a motion for judgment on the pleadings, the Court takes all well-pled facts as true, *Park Univ. Enterprises, Inc. v. Am. Cas. Co. Of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), so the following recitation of background facts is taken from the Amended Complaint (Doc. 1-3) but only for purposes of this Order.

Plaintiff Ryan Blanton began working for the Tularosa Police Department in January 2019. (Doc. 1-3) at ¶ 9. He was told repeatedly by the Chief that the mayor, Defendant Margaret Trujillo, did not like him and wanted him fired. *Id.* at ¶ 11. Despite this, in October 2019, Patrolman Blanton was promoted to Sergeant Blanton. *Id.* at ¶ 12. He was then told that Mayor Trujillo disapproved and wanted him demoted. *Id.* at ¶ 13. When the Chief of Police and

Lieutenant resigned in September 2020, Sergeant Blanton became, at least in effect, the acting Chief until Plaintiff Michael Heisinger was installed as the new Chief two months later, in November. *Id.* at ¶¶ 15, 19.

In June 2021, Mayor Trujillo allegedly stated to Officer Joseph Mendez, presumably another police officer, that the "upper echelon" of the police was all "cavachos"[1] and she wanted to replace them with "mexicanos." *Id.* at ¶¶ 16, 21. After Lieutenant Blanton (which title presumably represents another promotion) and Chief Heisinger addressed the comment with Mayor Trujillo, she issued a memo prohibiting service animals. *Id.* at ¶¶ 17, 22. Lieutenant Blanton and Chief Heisinger both brought medically approved service dogs to work related to post-traumatic stress disorder. *Id.*

Based on these facts, Plaintiffs claim "Violation of Civil Rights," *id.* at ¶¶ 23–28, "Hostile Work Environment," *id.* at ¶¶ 29–32, and "Retaliation," *id.* at ¶¶ 33–33. These causes of action "are based on provisions of the laws and constitutions of the United States of America and the State of New Mexico."[2] *Id.* at ¶ 6. They request compensatory and punitive damages. *Id.* at 7.

---

[1] Though the term is not defined in the Complaint, to the Court's knowledge it is a Mexican slang term, sometimes derogatory, for white people. *See, e.g.*, *Gabacho*, Wikipedia.com, https://en.wikipedia.org/wiki/Gabacho (last visited Mar. 15, 2023); *Gavacho*, Urbandictionary.com, https://www.urbandictionary.com/define.php?term =gavacho (last visited Mar. 15, 2023).

[2] This case was originally brought in New Mexico state court and removed by Defendants claiming federal question jurisdiction. *Generally* (Doc. 1). Though that jurisdiction was not challenged, the Court finds federal question jurisdiction based on this statement in the Complaint. 28 U.S.C. §§ 1331, 1441.

In their Motion, the Defendants challenge the sufficiency of the pleading and also argue for dismissal of the individual Defendants as duplicative of the governmental entity Defendants. (Doc. 13).

II.  *Legal Standard*

Defendants move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The standard is that "[j]udgment on the pleadings is appropriate only when the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (quotation and citation omitted). But Circuit precedent also teaches that courts evaluate motions under Rule 12(c) using the same standard that applies to motions to dismiss for failure to state a claim under Rule 12(b)(6). *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013); *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003).

Under 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Santa Fe Alliance for Public Health and Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In addition to factual deficiencies, legal holes may also be addressed under a 12(b)(6) inquiry. If a plaintiff fails to allege an essential element of their claim, the complaint is appropriately dismissed pursuant to Rule 12(b)(6). *Ellis ex rel. Est. of Ellis v. Ogden City*, 589 F.3d 1099, 1102 (10th Cir. 2009).

> The essential elements of a claim remain constant through the life of a lawsuit. What a plaintiff must do to satisfy those elements may increase as a case progresses from complaint to trial, but the legal elements themselves do not change. So, to

> determine what the plaintiff must plausibly allege at the outset of a lawsuit, we usually ask what the plaintiff must prove in the trial at its end. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346–347, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020).

III. *Analysis*

    A. *Sufficiency of the Complaint*

The Court concludes that Heisinger's and Blanton's Complaint is legally deficient and therefore must be dismissed under the 12(b)(6) standard. While the Complaint alleges claims using certain legal terms of art—"discrimination," "hostile work environment," and "retaliation"—it does so without reference to any statutory cause of action on which those claims may be based nor what the elements of those claims may be. The closest it comes to a legal theory is the statement that the "causes of action are based on provisions of the laws and constitutions of the United States of America and the State of New Mexico." (Doc. 1-3) at ¶ 6. Whether that denotes a claim under Section 1983, the Americans with Disabilities Act, the New Mexico Human Rights Act, all of the above, or none of the above, is not clear.

Rule 8—which requires a "short and plain statement of the claim showing that the pleader is entitled to relief"—"serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The Defendants are not required to suss out what claims may be implied to defend against each of them. Plaintiffs, masters of the complaint, must clarify the legal causes of action. Here, not only does the Complaint fall short, but Plaintiffs never responded to the Motion for Judgment on the Pleadings to contest the Defendants' challenges to their Complaint.

4

For these reasons, the Court grants the Motion and dismisses the Complaint. Because dismissal is based on the sufficiency of the pleading, the Court determines dismissal should be without prejudice. The Court grants Plaintiffs 14 days to file an amended complaint clarifying its legal theories and causes of action.

B. *Duplicative Defendants*

The Court agrees with Defendants that there is unnecessary overlap between the individual Defendants named in their official capacity and the institutional Defendants for whom the individuals worked. An official-capacity suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (emphasis in original). Thus, "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

Defendants correctly point out that where official-capacity suits and governmental entity suits are combined, courts often dismiss the official capacity suit as duplicative. (Doc. 13) at 5 (citing *Dimas v. Pecos Indep. Sch. Dist. Bd. Of Educ.*, 2022 U.S. Dist. LEXIS 48105, at *9 (D.N.M. 2022); *Germain v. City of Albuquerque*, 2013 U.S. Dist. LEXIS 206053, at *6 (D.N.M. 2013)).

In this instance, the Court has already dismissed the Complaint without prejudice. So, the Court orders Plaintiffs, should they choose to amend the Complaint, to choose whether to bring the suit against the individual defendants or the governmental entities, or risk summary dismissal of the official capacity claims as duplicative.

IV.   *Conclusion*

Plaintiffs' Amended Complaint (Doc. 1-3) is dismissed without prejudice for failure to state a legal claim. Plaintiffs shall file an amended complaint, if any, within 14 days of entry of this Order addressing the noted deficiencies, including choosing which of the duplicative Defendants to name.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE